UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Case No. 5:22-CR-41 |
| ) | |
| JERRY BANKS ) | |

MOTION FOR DETENTION

The United States of America, by and through its attorney, Nikolas P. Kerest, United States Attorney for the District of Vermont, moves for pretrial detention of the above-named defendant pursuant to 18 U.S.C. § 3142(e) and (f).

1. <u>Eligibility for Detention</u>.  This defendant is eligible for detention because his case involves a crime of violence carrying a maximum term of imprisonment of ten years or more, 18 U.S.C. § 3142(f)(1)(A); an offense for which the maximum sentence is life imprisonment, 18 U.S.C. § 3142(f)(1)(B); and a serious risk that the defendant will flee, see 18 U.S.C. § 3142(f)(2)(A).

2. <u>Reason for Detention</u>.  The Court should detain the defendant because there are no conditions of release that will reasonably assure the appearance of the defendant and the safety of the community.

3. <u>Rebuttable Presumption</u>.  The rebuttable presumption does not apply in this case.

4. <u>Other Matters</u>. The defendant is charged with kidnapping and the complaint alleges that the defendant killed the victim. The offense is a crime of violence. The evidence is strong. The defendant faces a potential life sentence. Indeed, he faces more serious potential charges that carry a mandatory life sentence or the death penalty. The defendant has no strong connections in Vermont or anywhere else in the United States. The defendant has a history of living "off the grid."

He has no close family and no regular employment. He owns property in Colorado, but it is mortgaged and worth little. The defendant has no reason to stay in the United States.

The defendant's prior actions also demonstrate a serious risk to the safety of potential witnesses. The complaint affidavit outlines strong evidence that the defendant killed someone he did not know for money. Searches conducted at his Colorado residence and his temporary quarters in Wyoming resulted in the seizure of firearms, including a 9 mm handgun and a ghost gun. Someone who would kill for money would likely kill or improperly influence a witness or otherwise seek to influence the course of a trial that would result in his life in prison.

5. <u>Time for Detention Hearing</u>.

The United States requests the Court conduct the detention hearing at the arraignment.

Dated at Burlington, in the District of Vermont, this 25th day of May 2022.

                                             Respectfully submitted,

                                             UNITED STATES OF AMERICA

                                             NIKOLAS P. KEREST
                                             United States Attorney

By:    */s/ Paul Van de Graaf*
        Paul Van de Graaf
        Jonathan A. Ophardt
        Assistant U.S. Attorney
        P.O. Box 570
        Burlington, VT 05402-0570
        (802) 951-6725