```
                   UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA           )    CRIMINAL ACTION NO.
                                   )    2:22-cr-41-1
          v.                       )
                                   )
JERRY BANKS,                       )
              Defendant.           )
```

ARRAIGNMENT
Thursday, June 2, 2022
Burlington, Vermont

BEFORE:

    THE HONORABLE GEOFFREY W. CRAWFORD,
    Chief District Judge

APPEARANCES:

PAUL J. VAN DE GRAAF, ESQ., and JONATHAN A. OPHARDT, ESQ., U.S.
    Attorney's Office, 11 Elmwood Avenue, 3rd Floor, P. O. Box
    570, Burlington, VT 05402-0570, Counsel for the Government

MARY M. NERINO, ESQ., Office of the Federal Public Defender, 95
    Pine Street, Suite 150, Burlington, VT 05401, Counsel for
    the Defendant

ETHAN CLIFFORD, U.S. PROBATION

JERRY BANKS, DEFENDANT

Johanna Massé, RMR, CRR
Official Court Reporter
P. O. Box 5852
Burlington, VT 05402
802-951-8102 | 802transcripts@gmail.com

```
 1  Thursday, June 2, 2022
 2          (The following was held in open court at 10:11 AM.)
 3              COURTROOM DEPUTY:  Your Honor, the matter before the
 4  Court is criminal case number 22-CR-41-1, United States of
 5  America v. Jerry Banks.  Representing the Government are
 6  Assistant United States Attorneys Paul Van de Graaf and Jon
 7  Ophardt; representing the defendant is his attorney, Mary
 8  Nerino; and we are here for an arraignment and the hearing on
 9  the government motion for detention.
10              THE COURT:  All right.  Good morning.  Good to see
11  everybody.
12              MR. VAN DE GRAAF:  Good morning, your Honor.
13              THE COURT:  Mr. Banks, would you mind identifying
14  yourself, please.
15              THE DEFENDANT:  I'm Jerry Dean Robert Banks.
16              THE COURT:  Thank you.  Have a seat.
17         I reviewed the financial affidavit.  I'll appoint the
18  federal public defender.
19         Ms. Nerino, I appreciate that you're here now and grateful
20  for your assistance.
21         I'll speak, Mr. Banks, with you just for a moment about
22  your rights.  I have a couple of questions for you today, but
23  you are not required to make a statement.  If you've made a
24  statement already, you're not required to say anything more.
25  If you start to make a statement, you can stop at any time.
```

1  Any statement you make may be used against you in a later
2  proceeding in court.
3        You have the right to retain counsel or request that
4  counsel be appointed, hence the reason I've assigned the
5  Federal Public Defender's Office, Ms. Nerino, to represent you
6  today.
7        As I said, I have a couple of biographical-type questions
8  for you.  I ask these to make sure that your rights are
9  protected and that your plea today is voluntary, and I ask that
10 you answer under oath, so we'll swear you in.
11            COURTROOM DEPUTY:  Please stand and raise your right
12 hand.
13       (The defendant was sworn.)
14            THE DEFENDANT:  I do.
15            THE COURT:  Could you repeat your name, please, for
16 the record.
17            THE DEFENDANT:  Jerry Dean Robert Banks.
18            THE COURT:  And, Mr. Banks, what is your age?
19            THE DEFENDANT:  I am 34 years old.
20            THE COURT:  Are you a U.S. citizen?
21            THE DEFENDANT:  I am.
22            THE COURT:  How far have you gone in school?
23            THE DEFENDANT:  High school.
24            THE COURT:  And since finishing high school, what's
25 been your primary occupation?

1              THE DEFENDANT: Mechanical.
2              THE COURT: Yup. And is English your first language?
3              THE DEFENDANT: It is.
4              THE COURT: Are you currently or have you recently
5     been under the care of a physician or a psychiatrist or
6     psychologist, anybody of that nature?
7              THE DEFENDANT: No.
8              THE COURT: Have you recently been hospitalized or
9     treated for narcotics addiction?
10             THE DEFENDANT: No.
11             THE COURT: Have you taken any drugs or medicine or
12    pills or drunk alcohol in the last 24 hours?
13             THE DEFENDANT: No.
14             THE COURT: Thank you. Have you received a copy of
15    the indictment in this case?
16             THE DEFENDANT: I have.
17             THE COURT: Have you had an opportunity to speak
18    privately about the indictment with your attorney?
19             THE DEFENDANT: I have.
20             THE COURT: And I'll read the indictment aloud. It's
21    a single-count indictment. The grand jury charges, Count 1, on
22    or about January 6, 2018, in the District of Vermont, the
23    defendant, Jerry Banks, unlawfully seized, confined, inveigled,
24    decoyed, kidnapped, abducted, and carried away for reward and
25    otherwise Gregory Davis when Banks traveled in interstate

1  commerce and used a facility or instrumentality of interstate
2  commerce in committing and in furtherance of the commission of
3  the offense, alleged to be in violation of 18 USC, Section
4  1201, and signed by the foreperson of the grand jury.
5      How do you intend to plead to the indictment today:
6  guilty or not guilty?
7           THE DEFENDANT:  Not guilty.
8           THE COURT:  Thank you.
9      Time for -- you can have a seat.  I have just a couple of
10 questions for the attorneys at this point.
11     Ms. Nerino, what would you like for a pretrial motions
12 deadline?
13          MS. NERINO:  Your Honor, we would ask -- well, first
14 of all, we're not going to be contesting detention today.
15          THE COURT:  Sure.
16          MS. NERINO:  And we would ask for 90 days pretrial
17 motions deadline.  I do believe there's going to be a
18 significant amount of evidence in this case, and I'm sure the
19 Government will give your Honor an idea of what that will be,
20 but I think 90 days is appropriate.
21          THE COURT:  Mr. Van De Graaf, does that work?
22          MR. VAN DE GRAAF:  Yes, your Honor.  We have no
23 objection to 90 days.  There's a large volume of electronic
24 evidence, various kinds of data that have been seized by search
25 warrants.  I think we've issued over 20 search warrants in this

1  case.  So there's a lot of information that the defense will
2  have to review, your Honor, and there's obviously other
3  subpoenaed information.  So it's a large case in terms of
4  discovery, your Honor, so we have no objection to 90 days.
5          THE COURT:  Fair enough.  So I'll set a 90-day motions
6  deadline.  That would be August 31, 2022.  I'll exclude that
7  time for motions under the Speedy Trial Act, make the finding
8  that the ends of justice served by this exclusion outweigh the
9  best interests of the public and the defendant in a speedy
10 trial because this time is reasonable in length and necessary
11 for effective preparation, taking into account the exercise of
12 due diligence by counsel.
13      I'll turn from that to the Rule 5(f) issue.  I'll read the
14 oral statement to the Government as required.
15      The Court directs the prosecution to comply with its
16 obligation under *Brady v. Maryland* and its progeny to disclose
17 to the defense all information, whether admissible or not, that
18 is favorable to the defendant, material either to guilt or to
19 punishment and known to the prosecution.  Possible consequences
20 for noncompliance may include dismissal of individual charges
21 or the entire case, exclusion of evidence, and professional
22 discipline or court sanctions on the attorneys responsible.
23 The Court will be entering a written order more fully
24 describing this obligation and the possible consequences of
25 failing to meet it.  The Court directs the Government to review

```
 1  and comply with that order.
 2       Does the prosecution confirm that it understands its
 3  obligations and will fulfill them?
 4           MR. VAN DE GRAAF:  We do, your Honor.
 5           THE COURT:  Thank you, sir.
 6       All right.  We'll take up the question, Ms. Nerino, that
 7  you were helpful in raising before, the issue of detention.  Is
 8  there any objection to Mr. West's [sic] detention at this time?
 9           MS. NERINO:  No, your Honor, there is not.
10           THE COURT:  All right.  I will issue -- does the
11  Government have anything's further on that point?
12           MR. VAN DE GRAAF:  No, your Honor.
13           THE COURT:  I'll grant the Government's motion for
14  detention, make the finding that the information before the
15  Court at this time indicates both a risk of flight and
16  potential issues of public safety and that no combination of
17  conditions would assure Mr. West's appearance at trial, so
18  we'll issue a detention order.  And I think that's as much as
19  we can do today.
20       Anything further, Mr. Van De Graaf?
21           MR. VAN DE GRAAF:  No.  Thank you, your Honor.
22           THE COURT:  Ms. Nerino?
23           MS. NERINO:  No, your Honor.  Thank you.
24           THE COURT:  Thanks for your help.  Good enough.  Thank
25  you.
```

1        (Court was in recess at 10:18 AM.)
2
3
4                    C E R T I F I C A T I O N
5     I certify that the foregoing is a correct transcript from
6 the record of proceedings in the above-entitled matter.
7
8
9 August 15, 2022                    _____
                                      Johanna Massé, RMR, CRR
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25